**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

WILLIE JEFFRIES,

                Petitioner,                     Case Number: 06-CV-14273

v.                                          HONORABLE PAUL D. BORMAN

CAROL HOWES,

                Respondent.

_____/

**OPINION AND ORDER TRANSFERRING SUCCESSIVE PETITION FOR
WRIT OF HABEAS CORPUS TO UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

Petitioner Willie Jeffries is currently incarcerated at the Lakeland Correctional Facility in

Coldwater, Michigan.  He has filed a *pro se* petition for a writ of habeas corpus.  For the reasons

set forth below, this Court determines that this is a successive habeas corpus petition and,

therefore, orders it transferred to the United States Court of Appeals for the Sixth Circuit,

pursuant to 28 U.S.C. § 1631[1] and 28 U.S.C. § 2244(b)(3)(A).

In the pending petition, Petitioner challenges a first-degree murder conviction rendered in

Genesee County Circuit Court.  On January 17, 1983, Petitioner was sentenced to life

imprisonment.

On October 18, 1999, Petitioner filed a habeas corpus petition in this court challenging

---

[1]       28 U.S.C. § 1631 provides, in relevant part:

> Whenever a civil action is filed in a court . . . and that court finds
> that there is a want of jurisdiction, the court shall, if it is in the
> interest of justice, transfer such action or appeal to any other such
> court in which the action or appeal could have been brought at the
> time it was filed or noticed . . .

the same conviction challenged in the pending petition.  The District Court dismissed the petition with prejudice because it was not timely filed.  *See* Jeffries v. Kapture, No. 99-cv-75060 (E.D. Mich. June 12, 2000) (Edmunds, J.).  The Sixth Circuit Court of Appeals has held that when a habeas corpus petition is dismissed based on a procedural bar, such a dismissal is a dismissal "on the merits."  In re Cook, 215 F. 3d 606, 607 (6th Cir. 2000).  *Accord* Villanueva v. United States, 346 F.3d 55, 61 (2d Cir. 2003) (holding that a dismissal of a suit as untimely is a dismissal on the merits).   Therefore, Petitioner's prior habeas petition, which was dismissed as untimely, was a dismissal on the merits.

Before a prisoner may file a habeas petition challenging a conviction already challenged in a prior habeas petition, the prisoner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  Petitioner has not obtained from the Court of Appeals for the Sixth Circuit authorization to file a second or successive petition in this Court.  The Sixth Circuit has held that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631."  In re Sims, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit.

<div style="margin-left:40%">

s/Paul D. Borman            
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

</div>

Dated:  October 11, 2006

<div style="text-align:center">CERTIFICATE OF SERVICE</div>

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on

<div style="text-align:center">2</div>

October 11, 2006.

s/Denise Goodine
Case Manager